**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARIA ALEXANDRA ALBORNOZ PALMA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-880-J** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Maria Alexandra Albornoz Palma, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 6. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue.[2] On April 22, 2026, Petitioner also filed a Motion for Temporary Restraining Order and Motion for Non-Transfer Order, Doc. 2, and a Motion for Order to Show Cause,

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] On May 8, 2026, Respondents filed a Motion to Dismiss instead of a response to the Petition. Doc. 10. Because the motion "largely address[es] the merits of the Petition," the undersigned informed Respondents the motion would be treated as a response brief. Doc. 11 at 1-2. The undersigned provided Respondents an opportunity to supplement the response. *Id.* at 2. Respondents declined to do so.

Doc. 3. On June 5, 2026, Petitioner also filed a Motion for Leave to Supplement the Record Pro Se. Doc. 13.[3]

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release her if there is no hearing within that time. The undersigned further recommends the Court deny as moot Petitioner's remaining motions, Docs. 2, 3, and 13.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on April 23, 2021, without admission or inspection. Pet. at 5; Doc. 10-4 at 1 (Notice to Appear). On April 25, 2021, ICE encountered Petitioner and placed her into expedited removal proceedings. Doc. 1-12 at 15 (Notice of Expedited Removal). She was released from ICE custody after a credible fear determination. Pet. at 5; Doc. 1-12 (Petitioner's Credible Fear Record). During that time, Petitioner was granted Temporary Protected Status ("TPS"). Doc. 12 at 2; Doc. 1-10 at 4-5 (Notice of TPS Approval). On April 22, 2022, she filed an Application for Asylum and for Withholding of Removal. Pet. at 1; Doc. 12 at 2; Doc. 1-11 at 11-19 (Petitioner's Asylum Application).

On January 13, 2026, Petitioner alleges ICE re-arrested her at a scheduled check-in appointment. Pet. at 5. Petitioner alleges she was re-detained without prior notice,

[3] To the extent Petitioner requests the Court consider the supplemental information she provided in Doc. 12, the undersigned has considered the information in making this recommendation. Accordingly, the Court should deny the motion as moot.

presentation of a warrant, or an individualized determination that she is a flight risk or danger to the community. *Id*. Respondents allege Petitioner was taken into custody on January 14, 2026, pursuant to a warrant. Resp. at 2; Doc. 10-1 at 1 (Warrant for Arrest). On January 14, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 6; Resp. at 3; Doc. 10-4 at 1. On the same day, ICE issued a custody determination that Petitioner should be detained. Doc. 10-2 at 1 (Notice of Custody Determination).

Petitioner has not been given a bond hearing.[4] However, all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On June 25, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 11, 2026). However, Petitioner appealed the decision to the Board of Immigration Appeals on July 21, 2026,

---

[4] Petitioner states she previously had a bond hearing at which she was denied bond. *See, e.g.,* Pet. at 2 ("Petitioner sought a custody redetermination before an Immigration Judge; however, her request for bond was denied based on a finding that she constituted a flight risk and on a purported lack of jurisdiction."); *id.* at 10 ("The Immigration Judge's denial of bond relief on generalized and unsupported assertions of flight risk."). However, Respondents clarify there is no record Petitioner ever received a bond hearing. Resp. at 8. Liberally construing the Petition, the undersigned concludes Petitioner's references to her prior bond hearing were made in error and that she has not received a bond hearing.

and the appeal remains pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1; Doc. 1-2 at 2 (ICE Locator). She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 11, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in her Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges her continued detention without an individualized bond hearing is unlawful and violates the INA because 8 U.S.C. § 1226(a) governs her detention and entitles her to a bond hearing. Pet. at 9-10.

- **Count II: Violation of Due Process**. Petitioner alleges her continued detention without an individualized bond redetermination hearing, where the government has the burden to justify her continued detention, violates her right to due process. *Id*. at 10-11.

- **Count III: Violation of the Administrative Procedure Act ("APA").** Petitioner alleges her continued detention without an individualized bond hearing in violation of § 1226(a) constitutes unlawful agency action that is arbitrary, capricious, and not in accordance with law. Pet. at 11.

- **Count IV: Violation of Fourth Amendment**. Petitioner alleges her re-detention at a scheduled appointment without presentation of a warrant or individualized justification violates the Fourth Amendment. *Id*. at 11-12.

She asks the Court to order her "immediate release" or, alternatively, to "order Respondents to provide [her] with a prompt and constitutionally adequate bond hearing, within seven

(7) days of the Court's Order," where the government bears the burden to justify her continued detention. *Id.* at 13.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis[5]

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, § 1226(a) more

[5] Petitioner claims she was not required to exhaust administrative remedies before filing the Petition. Pet. at 12-13. Respondents do not dispute Petitioner's assertion. The undersigned agrees that Petitioner was not required to exhaust before filing the Petition. *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges her continued detention without an individualized bond hearing is unlawful and violates the INA because § 1226(a) governs her detention and entitles her to a bond hearing. Pet. at 9-10. Respondents allege Petitioner is improperly asking the Court to review an IJ's discretionary determination to deny her bond. Resp. at 7-12.[6] Based on ICE's failure to provide Petitioner a bond hearing, the undersigned presumes Respondents contend Petitioner is detained pursuant to § 1225(b)(2)(A).[7]

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In

---

[6] The undersigned agrees with Respondents that if Petitioner was asking the Court to review the IJ's discretionary determination to deny bond, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1226(e) (stripping federal district courts of jurisdiction to hear challenges to an IJ's discretionary decision); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). However, Respondents advise Petitioner has not received a bond hearing, so she cannot be asking the Court to review the IJ's discretionary determination at one. *See* Resp. at 7.

[7] Even if Respondents' contention is that Petitioner is detained pursuant to § 1225(b)(1), the outcome would be the same. *See, e.g., Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (holding noncitizens re-detained in the United States pending a decision on whether to be removed from the country are detained under § 1226(a) rather than § 1225(b)(1)).

*Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[8]

Further, Petitioner's application for asylum does not change the analysis or render her "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter

[8] This conclusion is also in accord with persuasive authority in the Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" or, alternatively, "a prompt and constitutionally adequate bond hearing, within seven (7) days of the Court's Order" where the government bears the burden of proof to justify her continued detention to prevent flight or a danger to the community. Pet. at 13. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[9]

[9] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of her detention entitle her to release rather than a bond hearing. *See Singh*

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues her continued detention without a bond hearing violates her rights to due process, the APA, and the Fourth Amendment.[10] Pet. at 10-12. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on her continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V. <u>Petitioner's Motions</u>

On April 22, 2026, Petitioner also filed a Motion for Temporary Restraining Order and Motion for Non-Transfer Order, Doc. 2, and a Motion for Order to Show Cause, Doc.

---

*v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

[10] As to any Fourth Amendment claim, "[h]abeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (noting "the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred"). This is especially true here where Respondents provided the Court with Petitioner's 2026 arrest warrant, which is dated the day Respondents contend she was detained by ICE. Doc. 10-1 at 1.

3. If the Court grants Petitioner's requested relief for a bond hearing, the undersigned recommends the Court **DENY as moot** Petitioner's remaining motions.

On June 5, 2026, Petitioner also filed a Motion for Leave to Supplement the Record Pro Se. Doc. 13. For the reasons already discussed, Petitioner's motion should be **DENIED as moot** because the undersigned has already considered the additional information provided by Petitioner.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period. The undersigned further recommends the Court **DENY as moot** Petitioner's remaining motions, Docs. 2, 3, and 13.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 18, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 11th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE