**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARIA ALEXANDRA ALBORNOZ PALMA, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-880-J |
| MARKWAYNE MULLIN, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Maria Alexandra Albornoz Palma, a citizen of Venezuela proceeding pro se, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). She has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 15] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a bond hearing within that period. Respondents filed a timely Objection (Obj.) [Doc. No. 16], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).[1]

Petitioner is a citizen of Venezuela who entered the United States without inspection in April 2021. Later that month, she was placed into expedited removal proceedings, released from

[1] Neither party objects to Judge Stephens' recommendation that the Court deny Petitioner's remaining motions as moot. Rep. & Rec. at 9–10; Obj. at 5.

ICE custody after a credible fear determination, and granted Temporary Protected Status. [Doc. No. 1-12]. Approximately one year later, she filed an Application for Asylum and for Withholding of Removal. [Doc. No. 1-11]. In January 2026, Petitioner was re-detained by ICE at a scheduled check-in appointment and placed into removal proceedings under 8 U.S.C. § 1229a through the issuance of a Notice to Appear. [Doc. No. 10-4]. In June 2026, an Immigration Judge ordered Petitioner removed, but that order is not yet final as the Automated Case Information generated by the Executive Office for Immigration Review states a "case appeal was received on July 21, 2026. It is currently pending." *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed August 20, 2026); Obj. at 5. In April 2026, Petitioner filed this habeas action, contending her detention violates the Immigration and Nationality Act, the Fourth and Fifth Amendments, and the Administrative Procedure Act. As relief, Petitioner seeks immediate release or, alternatively, a prompt bond hearing.

In their objection, Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case. Obj. at 2. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.[2]

[2] Because the Court grants Petitioner relief, it declines to address her remaining claims. Rep. & Rec. at 9; Obj. at 3–4.

Accordingly, the Report and Recommendation [Doc. No. 15] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order. Petitioner's remaining motions [Doc. Nos. 2, 3, and 13] are DENIED as moot.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE